**Rajbir Singh HOTHI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72837.

Agency No. A77–820–067.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2003.*

Decided Oct. 27, 2003.

Before: D.W. NELSON, KOZINSKI and MCKEOWN, Circuit Judges.

MEMORANDUM **

■ Petitioner was entitled to a presumption of a well-founded fear of future persecution after he established past persecution, 8 C.F.R. § 208.13(b)(1), but that presumption was rebutted by a finding that conditions in India have changed and that he is able to relocate to a different part of the country, *id.* § 208.13(b)(1)(i). The BIA's findings to that effect are supported by substantial evidence, *see INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and so the BIA did not err in denying petitioner's request for asylum. A fortiori, the BIA did not err in denying petitioner's request for withholding of removal, which involves

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**344**

an even higher standard than asylum. *Del Valle v. INS,* 776 F.2d 1407, 1411 (9th Cir.1985).

▮ Nor did the BIA err in denying petitioner's application for protection under the Convention Against Torture, because petitioner failed to demonstrate that "it is more likely than not that he ... would be tortured" in India. 8 C.F.R. § 208.16(c)(2). The BIA also did not abuse its discretion in denying petitioner's request for asylum on humanitarian grounds. Petitioner has not demonstrated that he suffered persecution severe enough to warrant such relief. *See* 8 C.F.R. § 208.13(b)(1)(iii).

**PETITION DENIED.**

▮

**F.N., Plaintiff—Appellant,**

v.

▮

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.